**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:

YASMIN MARIA VEGA,
GINA MARIE FICARROTTA,

        Plaintiffs,

v.

NEGOTIATION CREDIT SERVICES LLC,
SOLID GROUND FINANCIAL LLC.,
SCOTT HAICK, RUBEN MCEACHRON,
AND DAVID SMITH,

        Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiffs, YASMIN MARIA VEGA and GINA MARIE FICARROTTA, bring this action against Defendants, NEGOTIATION CREDIT SERVICES LLC, SOLID GROUND FINANCIAL LLC., SCOTT HAICK, RUBEN MCEACHRON, and DAVID SMITH, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff, YASMIN MARIA VEGA, was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Plaintiffs engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA through interstate communication including by telephone.

4. At all times material hereto, Defendant NEGOTIATION CREDIT SERVICES LLC was a Florida corporation with its principal place of business in South Florida, engaged in commerce in

1

the business of providing debt settlement services, at all times material hereto was the "employer" of Plaintiffs as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. At all times material hereto, Defendant SOLID GROUND FINANCIAL LLC. was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the business of providing debt settlement services, at all times material hereto was the "employer" of Plaintiffs as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

6. Defendant, SCOTT HAICK, is a resident of Broward County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, NEGOTIATION CREDIT SERVICES LLC; Defendant acted and acts directly in the interests of Defendant, NEGOTIATION CREDIT SERVICES LLC, in relation to co-Defendant's employees. Defendant effectively dominates NEGOTIATION CREDIT SERVICES LLC administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, SCOTT HAICK was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

7. Defendant, DAVID SMITH, is a resident of Broward County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, NEGOTIATION CREDIT SERVICES LLC; Defendant acted and acts directly in the interests of Defendant, NEGOTIATION CREDIT SERVICES LLC, in relation to co-Defendant's employees. Defendant effectively dominates NEGOTIATION CREDIT SERVICES LLC administratively or otherwise acts, or has the power

to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, DAVID SMITH was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

8.     Defendant, RUBEN MCEACHRON, is a resident of Broward County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, NEGOTIATION CREDIT SERVICES LLC; Defendant acted and acts directly in the interests of Defendant, NEGOTIATION CREDIT SERVICES LLC, in relation to co-Defendant's employees. Defendant effectively dominates NEGOTIATION CREDIT SERVICES LLC administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, RUBEN MCEACHRON was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

9.     Defendant, SCOTT HAICK, was and now is, the managing agent, director and/or owner of Defendant, SOLID GROUND FINANCIAL LLC.; Defendant acted and acts directly in the interests of Defendant, SOLID GROUND FINANCIAL LLC., in relation to co-Defendant's employees. Defendant effectively dominates SOLID GROUND FINANCIAL LLC. administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, SCOTT HAICK was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

10.    Defendant, RUBEN MCEACHRON, was and now is, the managing agent, director and/or owner of Defendant, SOLID GROUND FINANCIAL LLC.; Defendant acted and acts directly in the interests of Defendant, SOLID GROUND FINANCIAL LLC., in relation to co-Defendant's employees. Defendant effectively dominates SOLID GROUND FINANCIAL LLC. administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis

its employees and had the authority to direct and control the work of others. Thus, RUBEN MCEACHRON was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

11. Defendant, DAVID SMITH, was and now is, the managing agent, director and/or owner of Defendant, SOLID GROUND FINANCIAL LLC.; Defendant acted and acts directly in the interests of Defendant, SOLID GROUND FINANCIAL LLC., in relation to co-Defendant's employees. Defendant effectively dominates SOLID GROUND FINANCIAL LLC. administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, DAVID SMITH was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

12. Defendants, NEGOTIATION CREDIT SERVICES LLC and SOLID GROUND FINANCIAL LLC., are a single enterprise under the FLSA, performed related activities through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and have an annual gross sales and/or business volume of $500,000 or more.

13. Defendants, SOLID GROUND FINANCIAL LLC. and NEGOTIATION CREDIT SERVICES LLC, were joint employers of Plaintiffs, under the FLSA, shared Plaintiffs' services, had Plaintiffs acting in the interest of each business, and shared common control of Plaintiffs.

14. In justifiable reliance upon Defendants' representations and promises, Plaintiff YASMIN MARIA VEGA accepted employment and began working for Defendants as a debt negotiator.

15. During Plaintiff's employment, Defendants did not pay Plaintiff, YASMIN MARIA VEGA, the full and proper minimum wages for all hours worked each week.

16. During Plaintiffs' employments, Defendants did not pay the full and proper overtime wages of 1.5 times Plaintiffs' regular hourly rates for all hours that they worked over 40 each week.

17. The records, if any, concerning the date ranges of Plaintiffs' employments, the number of hours Plaintiffs actually worked, and the compensation actually paid to Plaintiffs are in the possession and/or control of Defendants; however, Plaintiffs have attached statement of claims as Exhibit A and Exhibit B to provide initial estimates of the damages. These amounts may change as Plaintiffs engage in the discovery process.

18. Defendants have knowingly and willfully refused to pay Plaintiffs all of their legally-entitled wages.

19. Plaintiffs have complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

20. Plaintiffs have retained the services of the undersigned and are obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

21. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1-20 above as if set forth herein in full.

22. Plaintiffs allege this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

23. Plaintiffs seek recovery of damages as referenced above and further seek interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

          Respectfully submitted,

          Koz Law, P.A.
          320 S.E. 9th Street
          Fort Lauderdale, Florida 33316
          Phone: (786) 924-9929
          Fax:    (786) 358-6071
          Email: ekoz@kozlawfirm.com

          */s/ Elliot A. Kozolchyk*
          _____
          Elliot Kozolchyk, Esquire
          Bar No.: 74791